# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

**FILED**

September 19, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0325** (Mercer County 10-F-120 and 10-F-147)

**Courtney S. Wallace,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Courtney S. Wallace, appearing *pro se*, appeals the order of the Circuit Court of Mercer County, entered on September 9, 2013, denying petitioner's motion for reconsideration of his sentence. Respondent State of West Virginia appears by counsel Laura Young.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner entered a plea of guilty in June of 2010, when he was forty-one years old, to two counts of sexual abuse in the first degree by way of information, and one count of sexual abuse in the third degree as charged in an indictment. Upon entry of the plea, the circuit court referred the matter for preparation of a pre-sentence report and ordered that a sex offender evaluation be performed by Dr. Bobby Miller, pursuant to West Virginia Code § 62-12-2(e).[1]

---

[1] West Virginia Code § 62-12-2(e) provides:

> In the case of any person who has been found guilty of, or pleaded guilty to, a violation of the provisions of section twelve, article eight, chapter sixty-one of this code, the provisions of article eight-c or eight-b of said chapter, or under the provisions of section five, article eight-d of said chapter, such person shall only be eligible for probation after undergoing a physical, mental and psychiatric study and diagnosis which shall include an on-going treatment plan requiring active participation in sexual abuse counseling at a mental health facility or through some other approved program: Provided, That nothing disclosed by the person during such study or diagnosis shall be made available to any law-enforcement agency, or other party without that person's consent, or admissible in any court of this state, unless such information disclosed shall indicate the

1

Subsequent to the preparation of the pre-sentence report and the evaluation, the court entered an order on September 4, 2010, sentencing petitioner to serve one to five years of incarceration in the state penitentiary for each count of first-degree sexual abuse, and ninety days of confinement in the Southern Regional Jail for the single count of third-degree sexual abuse. Upon completion of his incarceration, petitioner is subject to twenty years of supervised release.

Soon after entry of the sentencing order, on January 11, 2011, petitioner, by his then-counsel, filed a motion for reconsideration of his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The court denied the motion by order entered on September 9, 2013, having found that "there is no factual basis, information, or other reason that would justify amending, reducing, and/or modifying [petitioner's sentence]." It is from this order that petitioner now appeals.

We have said,

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 3, *State v. Eilola*, 226 W.Va. 698, 704 S.E.2d 698 (2010).

Subject to this standard, we consider petitioner's five assignments of error: (1) that he received ineffective assistance of counsel in the filing of his Rule 35(b) motion; (2) that the circuit court engaged in judicial misconduct; (3) that he was denied due process of law; (4) that he did not receive a hearing on a proposed alternative sentence agreement[2]; and (5) that he did

---

intention or plans of the probationer to do harm to any person, animal, institution or property, in which case such information may be released only to such persons as might be necessary for protection of the said person, animal, institution or property.

[2] Petitioner, appearing pro se, filed a motion for alternative sentence agreement on August 29, 2013. That motion was not included in the appendix record on appeal, but it is apparent that the circuit court had not considered it at the time that this matter became ripe for review. The order that is the subject of this appeal specifically denies petitioner's motion for reconsideration of sentence filed January 11, 2011. However, because petitioner appears to argue that his filing of the motion for alternative sentence agreement somehow affected the circuit court's consideration of the motion for reconsideration of sentence, we will, out of an abundance of caution, consider that petitioner's assignment of error encompasses his not having been afforded a hearing on either motion.

not receive an evaluation pursuant to West Virginia Code § 62-12-2(e) upon the filing of his motion for reconsideration of sentence.

In support of his argument that he received ineffective assistance of counsel, petitioner tersely states that his counsel led him "to believe for years that [p]etitioner was going to receive probation" and further states that counsel failed to advise petitioner that he planned to withdraw as counsel and failed to arrange for an evaluation pursuant to West Virginia Code § 62-12-2(e). As respondent points out, the plea documents in this case reflect petitioner's understanding that sentencing was in the discretion of the court. Furthermore, the record clearly shows that petitioner received a sexual offender evaluation and a report was provided to the court. Finally, there is no evidence supporting petitioner's contention that counsel failed to advise him that he planned to withdraw his representation, nor was there evidence that petitioner was harmed by any such failure. On the record before us, we do not find that counsel was ineffective.[3]

With regard to the second assignment of error, petitioner asserts that the circuit court acted improperly by inappropriately engaging in "ex parte" communication in which the court directed him "where and how to file this appeal." We disagree. The communication to which petitioner refers—a letter showing copies to petitioner, petitioner's former counsel, the assistant prosecuting attorney, and the Clerk of this Court—was not ex parte communication, was prompted by petitioner's having filed a "motion for an attempt to appeal," and was, in fact, providing information that was beneficial to petitioner. Petitioner was in no way harmed by this letter.

In support of his third assignment of error—that he was denied due process of law—petitioner relies entirely on the arguments of his first and second assignments of error (that he received ineffective assistance of counsel and that the circuit court engaged in misconduct). For the reasons set forth above, we find no error.

Turning to the fourth assignment of error (in which petitioner argues that he was not afforded a hearing on his motion for alternative sentence agreement and, possibly, his motion for reconsideration of sentence), we begin with *State v. King*, 205 W.Va. 422, 425, 518 S.E.2d 663, 666 (1999), in which we noted that a circuit court did not abuse its discretion in declining to conduct an additional, unnecessary hearing prior to denying a defendant's Rule 35 motion. Much as in *King*, we find that the circuit court garnered all necessary evidence at the plea and sentencing hearings. Petitioner has presented no evidence to the contrary.[4]

---

[3] "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

[4] Again, we note that the circuit court had not ruled on the motion for alternative sentence agreement at the time that this appeal came before us, and we will not prematurely consider it.

Finally, we easily dispense with the fifth assignment of error, in which petitioner argues that he did not receive an evaluation pursuant to West Virginia Code § 62-12-2(e) after he filed his motion for reconsideration of sentence. It is evident from the record before us that upon the entry of petitioner's guilty plea, the circuit court ordered that petitioner undergo a sex offender evaluation by Dr. Bobby Miller. It is further apparent that the evaluation was performed sometime between June 16, 2010, the date of the court's order, and August 25, 2010, on which date Prosecuting Attorney Scott Ash wrote to advise the court that he took exception to some of Dr. Miller's findings. West Virginia Code § 62-12-2(e) provides that a petitioner undergo one such evaluation before being considered for probation. Petitioner was evaluated, at most, six months prior to the filing of his motion for reconsideration of sentence, and he has offered no reason that the evaluation was not sufficient for its stated purpose.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

However, there is no evidence in the appendix record on appeal that suggests a hearing on that motion is necessary.

4