# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

**vs) No. 14-0296** (Marion County 09-F-66)

**David G.,**
**Defendant Below, Petitioner**

**FILED**

May 18, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Pro se petitioner David G[1]., appeals the Circuit Court of Marion County's, February 24, 2014, order, denying his amended "motion for reconsideration of sentence" made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.[2] The State of West Virginia, by counsel Laura J. Young, filed a response and a supplemental appendix. On appeal, petitioner alleges that the circuit court's denial of petitioner's motion for reconsideration was an abuse of discretion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2008, petitioner was charged in a criminal complaint in the Magistrate Court of Marion County with six counts of sexual abuse by a parent, guardian, or custodian. According to the complaint, the abuse occurred from January 1, 2007, until November 9, 2008. The victim, petitioner's ten-year-old step-daughter, underwent a forensic examination, in which she disclosed petitioner's abuse.

In February 2009, petitioner was charged by information in the Circuit Court of Marion

---

[1]"We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dep't of Human Servs. v. Cheryl M.,* 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

[2]While the West Virginia Rules of Criminal Procedure do not provide for a motion for reconsideration of sentence, criminal defendants are entitled to seek a reduction of sentence pursuant to Rule 35(b). Accordingly, we will properly refer to petitioner's "motion for reconsideration of sentence" in this memorandum decision as a motion for reduction of sentence or a Rule 35(b) motion.

1

County with two counts of sexual abuse by a parent, guardian, or custodian. He waived indictment, pled guilty to two counts of sexual abuse by a parent, guardian, or custodian and was sentenced to consecutive sentences of ten to twenty years of incarceration for each count.[3] One month later, in March of 2009, petitioner filed a motion to reconsider his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. He requested that the sentences run concurrently based upon his diabetic condition, age, and his remorse. Petitioner later filed an amended Rule 35(b) motion. The circuit court did not receive a copy of the original March 16, 2009, Rule 35(b) petition as required by the West Virginia Trial Court Rules.

In February of 2014, the circuit court reviewed petitioner's original and amended Rule 35(b) motions and denied the same. On February 24, 2014, the circuit court entered a final order, finding that petitioner was not entitled to the relief sought in either of his motions and that no hearing was warranted. Petitioner appeals from the order denying his appeal below.

On appeal, petitioner argues that the circuit court abused its discretion when it denied his amended motion for reconsideration of sentence. We have said,

"[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 3, *State v. Eilola*, 226 W.Va. 698, 704 S.E.2d 698 (2010). Subject to this standard, we consider petitioner's assignment of error.

---

[3]West Virginia Code § 61-8D-5. Sexual abuse by a parent, guardian, custodian or person in a position of trust to a child; parent, guardian, custodian or person in a position of trust allowing sexual abuse to be inflicted upon a child; displaying of sex organs by a parent, …guardian, or custodian. (a) In addition to any other offenses set forth in this code, the Legislature hereby declares a separate and distinct offense under this subsection, as follows: If any parent, guardian or custodian of or other person in a position of trust in relation to a child under his or her care, custody or control, shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody or control, notwithstanding the fact that the child may have willingly participated in such conduct, or the fact that the child may have consented to such conduct or the fact that the child may have suffered no apparent physical injury or mental or emotional injury as a result of such conduct, then such parent, guardian, custodian or person in a position of trust shall be guilty of a felony and, upon conviction thereof, shall be imprisoned in a correctional facility not less than ten nor more than twenty years, or fined not less than $500 nor more than $5,000 and imprisoned in a correctional facility not less than ten years nor more than twenty years.

In the matter before us, petitioner is not challenging the correctness of his sentence but rather asserts that he is entitled to the appointment of counsel and an evidentiary hearing on his Rule 35(b) motion. However, petitioner cites no authority to support his position that he is entitled to counsel and a hearing. Instead, petitioner argues that the circuit court erred by not conducting an evidentiary hearing to better understand his accomplishments and achievements, including that he succeeded in reforming himself into a better person worthy of reconsideration. We disagree.

We have previously held that it is not an abuse of discretion for a circuit court to decide the merits of a motion to reduce a sentence without having an evidentiary hearing. See *State v. King*, 205 W.Va. 422, 518 S.E.2d 663 (1999). Further, the circuit court was both the original sentencing court and the court that denied the Rule 35(b) motion, and thus it had the benefit of the entire record to review in determining the appropriate sentence to impose. Petitioner does not assert that there is any additional information he wishes to supply to the circuit court in support of his motion or that he was prevented from supplying that information to the circuit court during the prior criminal proceedings. Instead he simply argues that a pro se litigant should be afforded a degree of leniency in any action before the circuit court; and that he was not afforded the knowledge that is required to file a petition that would allow the circuit court to properly adjudicate the merits of any action. We disagree.

We have previously upheld the propriety of consecutive sentences imposed when a plea agreement results in a much lesser sentence than the crimes for which defendant was originally indicted. The same is true in the instant case. Further, we have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." Petitioner was sentenced to two consecutive sentences of ten to twenty years of incarceration for each count of sexual abuse by a parent, guardian, or custodian. A review of the record shows that petitioner was sentenced within the statutory limits for this crime, pursuant to West Virginia Code §61-8D-5(a). Further, the record shows that the circuit court did not rely on any impermissible factors in imposing sentence. As such, petitioner's sentences are not subject to review on appeal.

For the foregoing reasons, the circuit court's February 24, 2014, order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3