# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**September 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 15-1080** (Hampshire County 13-F-42)

**Harry W.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Harry W.,[1] pro se, appeals the October 6, 2015, order of the Circuit Court of Hampshire County denying his motion for reduction of sentence. Respondent State of West Virginia, by counsel David A. Stackpole, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted by the Hampshire County Grand Jury on May 13, 2013, on three counts of sexual assault in the first degree; eight counts of sexual abuse in the first degree; and three counts of sexual abuse by a person in a position of trust to a child. On November 14, 2013, pursuant to a plea agreement, petitioner pled guilty to eight counts of sexual abuse in the first degree, and the remaining charges in the indictment were dismissed. Petitioner's plea agreement was binding on the circuit court insofar as it limited the circuit court's ability to run petitioner's sentences consecutively on no more than five of the eight counts to which he pled guilty. Otherwise, sentencing was to be in the discretion of the circuit court. Under the plea agreement,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

petitioner was free to argue for probation or that his sentences should run concurrently.

The presentence report and diagnostic psychological evaluation of petitioner noted that he was a sixty-eight year old male with a fourth grade education and a prior criminal record.[2] Both reports noted that the victim was eleven years of age at the time of the offenses to which petitioner pled and was a member of petitioner's extended family.

At the April 11, 2014, sentencing hearing, the circuit court heard from the minor victim as well as other family members who testified either for or against petitioner's requests for alternative sentencing and probation. At the conclusion of the hearing, the circuit court denied petitioner's requests and sentenced him to an aggregate term of twenty to 100 years of incarceration by running four of the sentences for sexual abuse in the first degree consecutively. In imposing this sentence, the circuit court noted that petitioner was "fifty percent more likely to recidivate than a normal person in [his] age group." The circuit court expressed concern over the fact that petitioner believed that he did not need treatment and "somehow educated [the victim] on what she [was] to expect as an adult." The circuit court noted that the diagnostic report found that "this wasn't [petitioner's] first offense" and that there were indications that petitioner had "deviant patterns of sexual arousal . . . specifically [focused] on prepubescent children."

Subsequently, petitioner appealed his convictions and sentence. In *State v. [Harry W.]*, No. 14–0546, 2015 WL 3875809, at *2-5 (W.Va. June 22, 2015) (memorandum decision), this Court found that (1) petitioner entered his guilty pleas knowingly, freely, intelligently, and voluntarily; (2) petitioner's belief that he was trying to "teach" the victim, rather than engaging in acts for his sexual gratification, did not invalidate his guilty pleas when those pleas were knowingly, freely, intelligently, and voluntarily made; (3) the circuit court did not disproportionately sentence petitioner given "the multiple instances of his admitted victimization of an eleven year old child"; and (4) the circuit court did not err in denying petitioner's request for alternative sentencing. Accordingly, this Court affirmed the judgment of the circuit court. *Id.* at 5.

On October 5, 2015, petitioner filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Petitioner asked the circuit court to place him on either home incarceration or probation. Alternatively, petitioner argued that the circuit court should either hold a hearing on his Rule 35(b) motion or hold the motion in abeyance while petitioner took his prison classes.[3] On October 6, 2015, the circuit court denied petitioner's motion for reduction of sentence. The circuit court determined that a hearing was not necessary because

---

[2]Petitioner's prior criminal history, originating in the State of South Carolina, consisted of charges for driving on a suspended license (on June 14, 1999 and April 13, 2003); a January 21, 2000, charge for breach of peace; and a March 7, 2013, charge for assault/battery. Petitioner advised the circuit court that he also had a conviction for driving while intoxicated in the State of Virginia in 1976, although that charge did not appear on petitioner's criminal arrest record.

[3]According to petitioner's motion, he was on the waiting list to take Alcohol and Drug Education, Thinking for a Change, and various sex offender classes.

the court held "a lengthy hearing" when petitioner was sentenced. Next, the circuit court (1) found that the sentencing hearing adequately developed the basis for petitioner's sentence; and (2) the record demonstrated that the sentence was "fair and just and not in excess of that which is permitted by law." Accordingly, the circuit court denied petitioner's request to hold his Rule 35(b) motion in abeyance.

Petitioner appeals the circuit court's October 6, 2015, order denying his Rule 35(b) motion for reduction of sentence. In Syllabus Point 1 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), we set forth the pertinent standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

We explained in *Head* that the denial of a motion under Rule 35 is generally "not reviewable" in a case in which no abuse of discretion occurs. *Id.* at 301, 480 S.E.2d at 510.

Procedurally, petitioner contends that the circuit court erred in not holding a hearing on his Rule 35(b) motion and denying his request to hold the motion in abeyance while he takes his prison classes. In *State v. King*, 205 W.Va. 422, 518 S.E.2d 663 (1999), we rejected the argument that the circuit court erred in not holding a hearing on a Rule 35(b) motion. In *King*, we explained that a hearing on the motion was unnecessary where the record established that "the circuit court held lengthy hearings when the appellant pled guilty and when he was sentenced." 205 W.Va. at 425, 518 S.E.2d at 666; *see Head*, 198 W.Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring) (stating that "[a] Rule 35(b) hearing is not, nor was it ever intended to be, a sentencing hearing."). In this case, the circuit court relied on our decision in *King* in explaining that petitioner's "lengthy" sentencing hearing provided an adequate factual basis on which it could rule on petitioner's motion. Similarly, we find that the circuit court may rule on a Rule 35(b) motion without waiting to see if petitioner is successful in prison. As respondent points out, Rule 35(b) requires that the circuit court rule on the motion within "a reasonable time." *See also Head*, 198 W.Va. at 303, 480 S.E.2d at 512 (noting that Rule 35(b) imposes such requirement). Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's request for a hearing and in denying petitioner's request to hold his Rule 35(b) motion in abeyance.

In regard to the denial of his motion, petitioner argues that he should be placed on either home incarceration or probation or, alternatively, that additional sentences should be ordered to be served concurrently. In making this argument, petitioner notes that, given his advanced age, his current aggregate sentence is tantamount to a life sentence. We find that petitioner made this same argument in *[Harry W.]*. *See* 2015 WL 3875809, at *4. We nevertheless determined that the circuit court did not disproportionately sentence petitioner given "the multiple instances of his admitted victimization of an eleven year old child." *Id.* Petitioner asserts that the difference is that, now, he no longer minimizes his conduct and accepts full responsibility for his actions. We note that, as

3

recently as petitioner's appeal in *[Harry W.]*, petitioner maintained that he was trying to "teach" the victim how it will be as an adult. *Id.* at 3. Thus, we question the veracity of the new attitude petitioner now advances. We further note the circuit court's finding at the sentencing hearing that petitioner did not believe that he needed treatment despite the fact that he had "deviant patterns of sexual arousal . . . specifically [focused] on prepubescent children." Therefore, based on the foregoing, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion for reduction of sentence.

For the foregoing reasons, we affirm the circuit court's October 6, 2015, order denying petitioner's Rule 35(b) motion for reduction of sentence.

Affirmed.

**ISSUED: September 23, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4