**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 17-0854** (Fayette County 15-F-64)

**Antwyn D. Gibbs,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Antwyn D. Gibbs, pro se, appeals the Circuit Court of Fayette County's September 1, 2017, order denying his Rule 35(b) motion for reduction of sentence. The State, by counsel Shannon Frederick Kiser, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his motion for reduction of sentence without making sufficient findings of fact or conclusions of law, without considering "facts" or petitioner's accomplishments, and without holding a hearing on the motion.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in September of 2015, petitioner was convicted of first-degree robbery, entry of a dwelling, and conspiracy to commit a felony. The circuit court sentenced petitioner to consecutive terms of incarceration of one to five years for his conspiracy conviction, which was enhanced to two to five years following a recidivist conviction; one to ten years for entry of a dwelling; and fifty years for first-degree robbery. We affirmed petitioner's convictions and sentences in *State v. Gibbs*, 238 W.Va. 646, 797 S.E.2d 623 (2017).

Petitioner, by counsel, filed a motion for reduction of his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure on August 4, 2017.[2] Petitioner argued that two

---

[1]Petitioner also argues that he "should have been appointed an attorney to perfect the Rule 35(b) Motion for Reduction of Sentence." Petitioner's Rule 35(b) motion was filed by counsel. Because petitioner had counsel below, we decline to address this contrary assertion.

[2]Rule 35(b) of the West Virginia Rules of Criminal Procedure provides that

(continued . . .)

1

of his four codefendants, who pled guilty prior to trial, received shorter sentences than petitioner. However, petitioner acknowledged that these two codefendants pled guilty to first-degree robbery only, whereas petitioner was convicted of three crimes.

On September 1, 2017, the circuit court denied petitioner's motion for reduction of his sentence. The court found that the previously imposed sentences were an appropriate disposition given the presentence investigation report, petitioner's statements at sentencing, and the entire court file. Petitioner filed an appeal from this September 1, 2017, order and a motion for appointment of appellate counsel. By scheduling order entered on October 19, 2017, we deferred ruling on the motion for appointment of appellate counsel, which we now consider with the merits of petitioner's appeal.

Petitioner advances three arguments on appeal. First, petitioner argues that the circuit court erred in denying his motion for reduction of sentence without making findings of fact or conclusions of law sufficient to enable meaningful appellate review. Second, the circuit court erred in failing to consider "facts" or petitioner's accomplishments. Finally, the circuit court erred in not holding a hearing on his motion.

We have previously established the following standard of review regarding orders that deny Rule 35 motions:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Petitioner argues that the circuit court's denial of his motion for reduction of sentence "was basically an insignificant half[-]page [order]" that did not include the requisite findings of fact and conclusions of law, contained no citations to case law, and evidenced no "careful thought, deliberation[,] or any factors in forming the judgment[.]" Not only does petitioner fail to cite any law mandating that orders contain citations to case law or that they be a certain length, but he also fails to acknowledge that the circuit court, in fact, provided a basis for denying his

---

[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.

motion. Namely, petitioner's presentence investigation report, his statements at sentencing, as well as the entire record of proceedings in this case compelled the circuit court's conclusion that petitioner's sentences were appropriate. Petitioner fails to demonstrate that such consideration and ultimate conclusion were an abuse of the court's discretion in ruling on Rule 35(b) motions.

Next, petitioner contends that the circuit court erred in denying his motion "without considering any facts and accomplishments." Petitioner, though, failed to outline any such particular "facts" or "accomplishments" in his Rule 35(b) motion. Petitioner acknowledges as much in his brief on appeal, but explains that the failure to lay out his "accomplishments" was due to the fact that he was not appointed counsel. However, this assertion concerning counsel is not supported by the record. Further, because "nonjurisdictional questions not raised at the circuit court level will not be considered [for] the first time on appeal[,]" *State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009), we decline to address this assignment of error concerning petitioner's alleged "accomplishments."

We also find that the circuit court did not err in ruling on petitioner's motion without holding a hearing. We have previously upheld the propriety of ruling on Rule 35(b) motions without a hearing. *See State v. King*, 205 W.Va. 422, 425, 518 S.E.2d 663, 666 (1999) (finding that the circuit court did not abuse its discretion by not holding a hearing on the appellant's Rule 35(b) motion). Petitioner, therefore, is not entitled to relief on this ground. Finally, given that the circuit court properly denied petitioner's Rule 35(b) motion, we deny his motion for appointment of appellate counsel.

For the foregoing reasons, the circuit court's September 1, 2017, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating