**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**State of West Virginia,
Plaintiff Below, Respondent**

**v.) No. 24-222 (**Berkeley County CC-02-2018-F-149)

**Joseph Stephens Sr.,
Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Joseph Stephens Sr. appeals the Circuit Court of Berkeley County's March 20, 2024, order denying his request for relief under Rule 35(b) of the West Virginia Rules of Criminal Procedure. He argues that the court abused its discretion in failing to conduct a hearing on his motion filed pursuant to West Virginia Rule of Criminal Procedure Rule 35(b) and by denying the motion.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On March 1, 2018, the petitioner was arrested for sexual assault, an offense committed while he was on supervised release.[2] On November 4, 2019, the court revoked the petitioner's supervised release and imposed a forty-year term of incarceration.[3] Thereafter, on August 6, 2021,

---

[1] The petitioner is represented by counsel Jonathan T. O'Dell. The State of West Virginia appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] In 2013, the petitioner entered an *Alford/Kennedy* plea of guilty to first-degree sexual abuse, assault during the commission of a felony, and unlawful assault. *See North Carolina v. Alford*, 400 U.S. 25 (1970); Syl. Pt. 1, *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987) (holding that a criminal defendant may plead guilty to a crime "even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."). The petitioner was placed on a forty-year term of supervised release after serving a sentence of imprisonment. *See State v. Stephens*, No. 15-0291, 2016 WL 765746 (W. Va. Feb. 26, 2016) (memorandum decision).

[3] The petitioner appealed the circuit court's revocation of his supervised release. This Court upheld the circuit court's sentencing order. *See State v. Stephens*, No. 19-1103, 2021 WL 1550260 (W. Va. Apr. 20, 2021) (memorandum decision).

1

a Berkeley County jury convicted the petitioner of two counts of second-degree sexual assault, four counts of battery, and strangulation; the jury found the petitioner not guilty of attempting to disarm a law enforcement officer. The State initiated recidivist proceedings, and a jury found the petitioner to be the same individual previously convicted of two prior felonies.

The circuit court held a sentencing hearing on February 8, 2022. After reviewing the petitioner's presentence investigation report[4] and hearing from the parties, the court found that the petitioner had a significant criminal history and was "a habitual abuser of women[;]" he showed no remorse for his crimes; and he persistently failed to comprehend the "devastating effects that his conduct ha[d] on others." The court further found that leniency on previous offenses had not deterred the petitioner's criminal activity, and the court was not persuaded that the petitioner's advanced age would diminish his criminal activity. The court determined that ordering the petitioner's "sentences to run concurrently is unwarranted and doing so would not serve the public's best interest." Accordingly, the court sentenced the petitioner to an enhanced recidivist sentence of life imprisonment,[5] with mercy, on count one for the offense of second-degree sexual assault; ten to twenty-five years' imprisonment on count two for second-degree sexual assault; and application of time served for the four misdemeanor counts of battery and the one count of strangulation. The court ordered the sentence in count one to run consecutively to the sentence in count two and to also run consecutively to the petitioner's previously revoked supervised release sentence of forty years. The court entered its sentencing order on April 7, 2022. The petitioner appealed, and this Court upheld his conviction.[6]

Subsequently, the petitioner filed a "motion to reduce sentence" under West Virginia Rule of Criminal Procedure 35(b) requesting concurrent rather than consecutive sentences. The petitioner requested sentencing leniency due to his advanced age in conjunction with the length of his sentence and his inability to properly mourn the death of his two adult children. The petitioner provided certifications for classes he completed while in prison and noted that he had reflected on his actions. On March 20, 2024, after "the full consideration of the issues [and] the record," the circuit court denied the petitioner's motion by written order without conducting a hearing. Within its Rule 35(b) order, the court restated the findings from its February 8, 2022, sentencing order regarding the petitioner's history, and the court further found that he had "not cited to any events that warrant a sufficient reason to modify his sentence. All sentencing options were considered by the Court during the sentencing hearing[.]" The petitioner now appeals the court's denial of his Rule 35(b) motion.

---

[4] The petitioner's presentence investigation report indicated that he had twenty-four prior misdemeanor convictions and five prior felony convictions.

[5] *See* West Virginia Code § 61-11-18(a)(15) and (d) (providing that any person convicted of the qualifying offense of second-degree sexual assault who has also been twice previously convicted of a felony "shall be sentenced to imprisonment in a state correctional facility for life").

[6] *See State v. Stephens*, No. 22-0355, 2023 WL 6859710 (W. Va. Oct. 18, 2023) (memorandum decision).

West Virginia Rule of Criminal Procedure 35(b) provides, in relevant part, that "[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion . . . within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction[.]" We apply the following standard of review to a circuit court's denial of a Rule 35(b) motion:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

On appeal, the petitioner argues that the circuit court abused its discretion by failing to conduct a hearing on his Rule 35(b) motion. He contends that the court did not give adequate consideration to the factors supporting his request for a reduction of his sentence. The petitioner acknowledges that Rule 35(b) does not require a hearing; however, he asserts that the trial court record "was insufficient for the lower court to provide meaningful review" of the arguments he raised. The petitioner further asserts that the circumstances of his case require a hearing to permit the court's full "consideration of the merits of his motion for sentence reduction." *See Head*, 198 W. Va. at 304, 480 S.E.2d at 513.

We have indicated that a Rule 35(b) motion to reduce a sentence "is essentially a plea for leniency from a presumptively valid conviction." *Id.* at 306, 480 S.E.2d at 515 (Cleckley, J., concurring). We have also recognized that the circuit court is not required to conduct a hearing on a Rule 35(b) motion when the circuit court record provides an adequate factual basis for the court's decision. *See State v. King*, 205 W. Va. 422, 518 S.E.2d 663 (1999) (ruling that the circuit court was not required to conduct a hearing on a Rule 35(b) motion). In the petitioner's case, the circuit court reviewed the record, which contained information regarding the petitioner's recent convictions, his presentence investigation report, and the court's sentencing order. The court's Rule 35(b) order noted each of the points the petitioner raised in support of his motion before determining that he had not cited any events that constituted "a sufficient reason to modify his sentence." The court's Rule 35(b) order also recited factors from its April 7, 2022, sentencing order that negated each of the petitioner's arguments for leniency: his habitual abuse of women, his failure to express remorse, and his failure to take advantage of past instances of leniency. The court indicated that it was not persuaded that the petitioner's advanced age would ensure his compliance with the law and concluded that granting his request for concurrent sentences "would not serve the public's best interest." The court further observed that the petitioner's educational endeavors while imprisoned were commendable but "represent[ed] progress contemplated in the normal course of institutional rehabilitation." Here, the court's findings were grounded in the record, which the court cited extensively throughout its order and which, we conclude, provided an adequate factual basis for the court's ruling on the petitioner's Rule 35(b) motion; thus, a hearing was not required. Therefore, the circuit court did not abuse its discretion in denying the petitioner's motion for a reduction of sentence or in declining to hold a hearing on the motion.

3

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 1, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III