# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0291**    (Berkeley County 11-F-185 and 12-F-161)

**Joseph L. Stephens, Sr.,**
**Defendant Below, Petitioner**

**FILED**

**February 26, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner and defendant below Joseph L. Stephens, Sr., by counsel Kevin D. Mills and Shawn R. McDermott, appeals the March 3, 2015, "Order Denying Defendant's Amended Rule 35 Motion for Correction and/or Modification of Sentence" entered in the Circuit Court of Berkeley County in connection with his *Alford/Kennedy* plea[1] to the offenses of sexual abuse in the first degree, assault in the commission of a felony, and unlawful assault. The State of West Virginia, by counsel Cheryl K. Saville, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 18, 2011, petitioner was indicted by a Berkeley County grand jury on one count of domestic battery, third offense (Case No. 11-F-183). On May 24, 2012, in a separate matter (Case No. 12-F-61), petitioner was indicted on one count of sexual assault in the second degree.

On April 1, 2013, petitioner entered into a plea agreement with the State to resolve both cases. Petitioner agreed to waive indictment and be charged by information with the felony offenses of sexual abuse in the first degree, assault during the commission of a felony, and unlawful assault. He agreed to plead guilty to these charges. According to the parties, petitioner agreed to waive presentence investigation and to a binding sentence of the statutory terms of not less than one year nor more than five years of incarceration for the sexual abuse charge, not less than two nor more than ten years for the assault during the commission of a felony charge, and

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970), and *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

1

not less than one nor more than five years for the unlawful assault charge. He agreed that the sentences would run consecutively, that he would be required to register as a sexual offender for life, and that he would be placed on a term of forty years of supervised release. For its part, the State agreed not to file a recidivist charge.

On April 2, 2013, petitioner pled guilty under *Alford/Kennedy* circumstances to the above-described charges. Under the plea agreement, the charges in both indictments were dismissed and petitioner was sentenced to a total of not less than four nor more than twenty years of incarceration, was ordered to register as a sexual offender for life, and was ordered to serve forty years of supervised release. Although counsel for petitioner was re-appointed, no direct appeal was filed.

On July 5, 2013, petitioner, pro se, filed a timely motion for reconsideration of sentence under West Virginia Rule of Criminal Procedure 35 based upon his positive behavior while incarcerated. *See* W.Va.R.Crim.P. 35(b) (providing that "[a] motion to reduce a sentence may be made . . . within 120 days after the sentence is imposed . . . ."). Petitioner's motion also requested the appointment of counsel. Following the appointment of counsel, petitioner moved to withdraw his motion for reconsideration of sentence to which he attached a sworn affidavit stating that he did not wish to pursue the motion.

On January 27, 2015, after present counsel was appointed, petitioner filed the instant "amended" Rule 35 motion for correction and/or modification of sentence. The circuit court denied the motion by order entered March 3, 2015. This appeal followed.

This Court reviews an order denying a Rule 35 motion under the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Civil Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretation of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Furthermore, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982).

In his first assignment of error, petitioner argues that the circuit court abused its discretion in denying his Rule 35 motion on several grounds: (1) that there was not an adequate factual basis to support convictions of both unlawful assault and assault in the commission of a felony; (2) that a presentence investigation and report should have been completed prior to sentencing; and (3) that petitioner should have received rehabilitative services for his drug and alcohol addiction. Petitioner argues that the sentences originally imposed were illegal and the

circuit court erred in failing to correct the same under Rule 35(a) (providing that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence.").

As a threshold matter, we note several deficiencies in the so-called "amended" Rule 35 motion filed by petitioner on January 27, 2015. First, petitioner's motion is misleading in its title given that the instant motion was not an "amended" motion; rather, the record is clear that petitioner *withdrew* his previous Rule 35(b) motion filed on July 5, 2013. Moreover, petitioner's January 27, 2015, motion was untimely filed under Rule 35(b), which requires that a motion for a reduction of sentence be filed within 120 days after imposition of the same. (Petitioner was sentenced on April 2, 2013.) Furthermore, with regard to petitioner's argument that his sentence was illegal under Rule 35(a) for the reasons set forth above, we observe that, in fact, petitioner challenges the legality of the underlying plea and not an "illegal sentence" within the meaning of the rule.

Notwithstanding our conclusion that petitioner's Rule 35 motion was both untimely (under Rule 35(b)) and ill-conceived in its claim that the sentence is "illegal" (under Rule 35(a)), the Court will nonetheless address the merits of petitioner's argument. First, petitioner argues that there was an insufficient factual basis proffered for the offenses of assault in the commission of a felony and unlawful assault. Petitioner argues that the factual basis proffered in support of the offense of assault in the commission of a felony consisted of the same facts supporting the offense of first degree sexual abuse[2] (the guilty plea that he does not challenge in this appeal). The State proffered to the circuit court that, while the victim was asleep, petitioner climbed on top of her and penetrated her vagina. According to the State, the sexual assault medical examination revealed that, as a result of the sexual abuse, the victim sustained active bleeding in her cervix and her vaginal area sustained a two-centimeter abrasion, redness and swelling, and was tender to the touch.

West Virginia Code § 61-2-10, "Assault during commission of or attempt to commit a felony," states, in relevant part, that "[i]f any person in the commission of, or attempt to commit a felony, unlawfully shot, stab, cut or wound another person, he shall be guilty of a felony . . . ." Petitioner argues that the evidence offered by the State to support a violation of this statute stemmed from the sexual intrusion itself and that there was no evidence that petitioner shot, stabbed, cut, or wounded the victim in any way *other than* the sexual abuse committed while she was sleeping. According to petitioner, first degree sexual abuse is a violent act and he should not be punished for both the sexual intrusion and the injuries inherent thereto. Petitioner suggests, but fails to offer any supporting legal authority, that a conviction of both crimes violates double jeopardy principles. We reject petitioner's argument and find no error.

In *State v. Penwell*, this Court concluded that double jeopardy principles do not bar a conviction of both aggravated robbery and assault during the commission of a felony based upon

---

[2] West Virginia Code § 61-8B-7(a)(2) states, in pertinent part, that "[a] person is guilty of sexual abuse in the first degree when: . . . [s]uch person subjects another person to sexual contact who is physically helpless . . . ."

3

the legislative intent of the statutes involved. 199 W.Va. 111, 483 S.E.2d 240 (1996). The Court held that

> "[a] claim that double jeopardy has been violated based on multiple punishments imposed after a single trial is resolved by determining the legislative intent as to punishment." Syllabus point 7, *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992).

*Penwell*, 199 W.Va. at 113, 483 S.E.2d at 242, at syl. pt. 1. The Court further held that, to ascertain legislative intent, a court should review the language of the statutes involved and, where necessary, their legislative history "to determine if the legislature has made a clear expression of its intention to aggregate sentences for related crimes." *Id.* at syl. pt. 2, in part (quoting *Gill*, *supra*, at syl. pt. 8, in part). Upon examining the statutes at issue in *Penwell*, the Court determined that neither aggravated robbery nor assault in the commission of a felony is a "lesser included" offense of the other and, further, that the Legislature clearly intended to create two separate offenses with separate punishments. 199 W.Va. at 116, 483 S.E.2d at 245.

In the present case, petitioner was charged with sexual abuse in the first degree for subjecting the victim to "sexual contact while [she] was physically helpless," in violation of West Virginia Code § 61-8B-7(a)(2). *See* n.2, *supra*. A violation of this statute does not require that the accused "shoot, stab, cut or wound another person," as is required for a violation of West Virginia Code § 61-2-10. Petitioner's sexual abuse of the victim caused her to suffer active bleeding in her cervix and an abrasion, redness, and swelling in her vaginal area. Thus, petitioner, having wounded the victim in the commission of sexual abuse in the first degree, was properly charged with assault in the commission of a felony, in violation of West Virginia Code § 61-2-10.

Petitioner also argues that there was an insufficient factual basis for a conviction for the offense of unlawful assault, as set forth in West Virginia Code § 61-2-9(a). Under West Virginia Code § 61-2-9(a), "[i]f any person maliciously shoot, stab, cut or would any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she shall, except where it is otherwise provided, be guilty of a felony . . . ."

The factual basis offered for the offense of unlawful assault involved a different victim and a separate incident than the one described above. According to the State, petitioner and the female victim (his girlfriend) got into an argument about the petitioner's alleged infidelity and a physical altercation instigated by petitioner ensued, during which petitioner struck the victim. When the responding police officer arrived on the scene, he observed that the victim "had large clumps of hair pulled out of her hair [sic] and had red marks on her . . . scalp." Petitioner argues that, at best, these facts support a battery conviction. We disagree.

Based upon these facts, the Court concludes that there was a sufficient factual basis to support a conviction for the offense of unlawful assault, as it is clear that petitioner caused the victim bodily injury with the "intent to maim, disfigure, disable or kill" her. W.Va. Code § 61-2-9(a).

4

Next, petitioner argues that his sentence was illegally imposed because the circuit court failed to order a pre-sentence investigation report prior to sentencing, as required by West Virginia Rules of Criminal Procedure 32(b).[3] Petitioner argues that the the circuit court "proceeded to sentencing following Petitioner's plea. There was no inquiry as to whether Petitioner would waive the [presentence] investigation and report." Petitioner further argues, in essence, that a presentence investigation would have provided the circuit court with information regarding his alleged drug and alcohol addiction, which could have caused the court to order petitioner to participate in needed rehabilitative programs.

We find petitioner's argument to be without merit. In his Rule 35 motion before the circuit court, petitioner affirmatively represented that he "waived his [presentence] investigation" and was sentenced by the circuit court pursuant to the plea agreement. Subsequently, in his brief on appeal, petitioner reiterated that he "waived his [presentence] investigation." Moreover, during the April 2, 2013, plea and sentencing hearing, neither petitioner nor his counsel requested that the circuit court defer its ruling on the plea or delay the imposition of sentence until a presentence investigation and report were completed. To the contrary, immediately upon acceptance of the plea, the circuit court indicated that it would move forward with sentencing "by agreement and request of counsel." Furthermore, when asked by the court as to whether there was "any legal cause to show why sentence should not be pronounced at this time[,]" both petitioner and his counsel replied in the negative. Accordingly, we find no error.

Next, petitioner argues that his sentence is illegal because it fails to provide for rehabilitation for his alleged drug and alcohol addiction. He contends that he has a "substantial history of addiction and mental illness," and that he "has been in and out of jails and prisons for most of his adult life[,]" where these problems have never been addressed. Petitioner further argues that, due to prison overcrowding, the correctional system has failed him in this regard. Petitioner avers that the circuit court abused its discretion in refusing to impose an alternative sentence with a substance abuse treatment component. We find no error.

Petitioner claims that he has a long history of drug and alcohol addiction and mental illness; however, he fails to cite to any evidence of record in support of this claim. To the contrary, during the April 2, 2013, plea and sentencing hearing, the State made specific reference to the fact that a "comprehensive psychological evaluation" was conducted on petitioner and that "no subsequent motions were filed with regard to a mental – a defense that relies on a mental

---

[3] Rule 32(b) of the West Virginia Rules of Criminal Procedure states as follows:

(b) *Presentence Investigation and Report.*
(1) When Made. The probation officer shall make a presentence investigation and submit a report to the court before the sentence is imposed, unless:
(A) the defendant waives a presentence investigation and report;
(B) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority; and
(C) the court explains on the record its finding that the information in the record enables it to meaningfully exercise its sentencing authority.

incapacity[.]" Although the State's remarks were made in connection with petitioner's competency to enter into the plea agreement, petitioner made no objection or otherwise suggested that he has a mental illness currently requiring rehabilitation treatment as he now claims.[4] Furthermore, when asked by the circuit court whether he had ever been treated for alcohol abuse, petitioner replied that, in connection with another matter, "they sent me three places and they all said I didn't need it." Petitioner did not argue to the contrary. Similarly, when petitioner advised the circuit court that he had never been treated for drug abuse, neither he nor his counsel suggested to the sentencing court that he nonetheless had a drug problem and needed treatment for the same. Based upon the foregoing, we find that the circuit court in no way abused its discretion in denying petitioner's Rule 35 motion.

In his final assignment of error, petitioner makes the very cursory argument (and without any citation to supporting legal authority) that the circuit court abused its discretion in denying petitioner a hearing on his Rule 35 motion.[5] Petitioner argues that the grounds upon which his Rule 35 motion was based "should have required further inquiry at a hearing" and that the circuit court's order "failed to grapple with any of the specific issues raised" therein. We find no error.

Upon our review of the record, including the transcript of the plea and sentencing hearing before the same court that denied petitioner's Rule 35 motion to correct his sentence, we see no compelling reason to remand this matter for a hearing thereon. *See State v. King*, 205 W.Va. 422, 425, 518 S.E.2d 663, 666 (1999) (concluding "that the circuit court held lengthy hearings when the appellant pled guilty and when he was sentenced. Thus, we find no merit to the appellant's contention that the circuit court was required to hold another hearing to consider his motion for a reduction of sentences"). Likewise, petitioner has failed to present this Court with any justification as to why the circuit court should be required to conduct another hearing on the issue of sentencing. Thus, the Court concludes that the circuit court did not abuse its discretion in entering the March 3, 2015, order without a hearing.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 26, 2016

---

[4] Petitioner advised the circuit court that he had been treated for an unspecified mental illness and that he had sustained head injuries for which he had been prescribed medication. He also stated that he is a "slow learner" and that he has been hospitalized.

[5] In this regard, petitioner's brief fails to comply with the requirements of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure that a "brief must contain an argument exhibiting clearly the points of fact and law presented, . . . and citing the authorities relied on . . . ." *Id.*, in pertinent part.

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II