STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**April 15, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0779** (Fayette County 07-F-140)

**Frank D.,**
**Defendant Below, Petitioner**


**MEMORANDUM DECISION**

Petitioner Frank D.,[1] pro se, appeals the July 17, 2015, order of the Circuit Court of Fayette County denying his motion for reduction of sentence. Respondent State of West Virginia, by counsel Lara K. Omps-Botteicher, filed a response, and petitioner filed a reply.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2007, petitioner was indicted on fifty-nine counts of sex-related crimes involving his minor daughter.[3] In June of 2010, the circuit court held a plea hearing at which petitioner pled guilty, pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), to the following six felonies: one count of second-degree sexual assault in violation of West Virginia

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioner also filed a motion for appointment of appellate counsel. We address petitioner's motion herein.

[3]The indictment describes the victim as being under sixteen years of age.

1

Code § 61-8B-4, and five counts of first-degree sexual abuse in violation of West Virginia Code § 61-8B-7.[4] In January of 2011, prior to sentencing, petitioner filed a motion to withdraw his guilty pleas pursuant to Rule 32 of the West Virginia Rules of Criminal Procedure. Following a hearing, the circuit court denied the motion and thereafter imposed an aggregate sentence of fifteen to fifty years of incarceration. Petitioner appealed to this Court. In *State v. Frank D.*, No. 14-0825, 2015 WL 3689178, at *3 (W.Va. June 15, 2015) (memorandum decision), we affirmed the circuit court's denial of petitioner's motion to withdraw his guilty pleas.

On July 9, 2015, petitioner filed a motion for reduction of sentence pursuant to Rule 35(b) of the Rules of Criminal Procedure. In his motion, petitioner listed the following grounds for a reconsideration of his sentence: (1) the completion of various inmate education classes; (2) a good work record during his incarceration; and (3) a disciplinary record reflecting that petitioner had not had "many" infractions. The circuit court denied petitioner's motion by an order entered July 17, 2015. The circuit court ruled that, "after due consideration of the aforementioned motion and the contents of the court file, . . . the sentences heretofore imposed were then and are now factually and legally appropriate."

Petitioner appeals the circuit court's July 17, 2015, order denying his Rule 35(b) motion for reduction of sentence. In Syllabus Point 1 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), we set forth the pertinent standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

We explained in *Head* that the denial of a motion under Rule 35 is generally "not reviewable" in a case in which no abuse of discretion occurs. *Id.* at 301, 480 S.E.2d at 510.

On appeal, petitioner contends that the circuit court abused its discretion in not holding a hearing on his motion for reduction of sentence. Respondent counters that, in *State v. King*, 205 W.Va. 422, 518 S.E.2d 663 (1993), we rejected the argument that the circuit court erred in not holding a hearing on a Rule 35(b) motion. We explained in *King* that a hearing on the motion was unnecessary where "[t]he record establishes that the circuit court held lengthy hearings when the appellant pled guilty and when he was sentenced." 205 W.Va. at 425, 518 S.E.2d at 666; *see Head*, 198 W.Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring) ("A Rule 35(b) hearing is not, nor was it ever intended to be, a sentencing hearing."). We note that the same judge who denied

---

[4]In Syllabus Point 1 of *Kennedy*, we held that circuit courts may accept a criminal defendant's plea of guilty despite a claim of innocence "if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." 178 W.Va. at 10, 357 S.E.2d at 43.

petitioner's motion held petitioner's plea and sentencing hearings. The same judge also imposed the sentence of fifteen to fifty years of incarceration after denying petitioner's motion to withdraw his guilty pleas. While petitioner argues that due process of law mandates that he be afforded a hearing on his motion for reduction of sentence, we find that a Rule 35(b) proceeding does not come "with the same panoply of rights associated with a sentencing hearing." *Head*, 198 W.Va. at 305-6, 480 S.E.2d at 514-15 (Cleckley, J., concurring). Therefore, we conclude that the circuit court did not abuse its discretion in opting not to hold a hearing on petitioner's motion for reduction of sentence.

Petitioner further contends that the circuit court's July 17, 2015, order did not contain findings of fact and conclusions of law sufficient to show that the court adequately considered his assertion that he completed various inmate education classes.[5] *See State v. Redman*, 213 W.Va. 175, 178, 578 S.E.2d 369, 372 (2003) (indicating that a trial court's ruling pursuant to Rule 35 must contain "requisite findings of fact and conclusions of law to permit meaningful appellate review") (Internal quotations and citations omitted.) We note that the standard of review adopted in *Head* continues "the deference we have traditionally accorded trial courts in matters of sentencing." 198 W.Va. at 301, 480 S.E.2d at 510; *see* Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982) ("Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review."). Therefore, we find that the circuit court's determination that—"after due consideration of the aforementioned motion and the contents of the court file, . . . the sentences heretofore imposed were then and are now factually and legally appropriate"—shows that the court gave due consideration to the contentions stated in petitioner's motion. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion for reduction of sentence. Furthermore, because we can dispose of this case without oral argument, we deny petitioner's motion for appointment of appellate counsel.

For the foregoing reasons, we affirm the circuit court's July 17, 2015, order denying his Rule 35(b) motion for reduction of sentence.

Affirmed.

**ISSUED: April 15, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[5]As respondent points out, while petitioner includes his certificates of completion in the appellate record, he did not attach the certificates to his motion.