# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0587** (Wood County 17-F-20)

**William Joseph Dawson,**
**Defendant Below, Petitioner**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William Joseph Dawson, by counsel D. Shane McCullough, appeals the Circuit Court of Wood County's June 5, 2017, order denying his Rule 35(b) motion for reduction of sentence. The State, by counsel Robert L. Hogan, filed a response. On appeal, petitioner argues that the circuit court erred in denying his motion for reconsideration without making findings of fact or conclusions of law, without apparently considering any of the facts or accomplishments set forth in his motion, and without holding a hearing on the motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2017, petitioner was indicted for one count of breaking and entering, one count of unlawful entry, and two counts of third offense driving while license revoked for driving under the influence of alcohol. In March of 2017, petitioner entered into a plea agreement with the State whereby he agreed to plead guilty to the unlawful entry charge in exchange for the State's dismissal of the remaining charges. The circuit court accepted petitioner's plea and the parties' agreement on March 9, 2017.

On May 8, 2017, the circuit court sentenced petitioner to not less than one year nor more than ten years of incarceration, and it recommended that he be placed in a facility where he can receive intensive substance abuse treatment. The circuit court also denied petitioner's motion for probation or alternative sentencing because "the circumstances of the case indicate that he is likely to again commit crime and that the public good does require that he be imprisoned."

Petitioner moved the circuit court to reduce his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure on May 18, 2017. Petitioner sought release from custody to participate in an intensive treatment program geared toward men with identified substance abuse disorders. Petitioner also sought probation, should he successfully complete the

1

program. In support of these requests, petitioner asserted that much of his "substantial" criminal record is attributable to his substance abuse issues, that he did not use a firearm in the commission of the underlying crime, that he did not take any items from the business into which he entered, that he acknowledged his irresponsible actions at his plea hearing, that he acknowledged his need for substance abuse treatment at sentencing, that no consideration should be given to a pending robbery charge because such was dismissed more than one year prior to his original application to drug court, that he had been accepted into the intensive treatment program to which he sought release, and that he has never before participated in any inpatient treatment program. The circuit court denied the motion without holding a hearing by order entered on June 5, 2017, which stated only that "[a]fter maturely considering said [m]otion, the [c]ourt, does hereby ORDER that said motion be denied." It is from this order that petitioner appeals.

Petitioner advances three arguments on appeal. First, the circuit court erred in denying the motion without making findings of fact or conclusions of law sufficient to enable meaningful appellate review. Second, the circuit court erred in failing to apparently consider any of the facts or accomplishments outlined in the Rule 35(b) motion. Finally, the circuit court erred in not holding a hearing on his motion.

We have previously established the following standard of review regarding orders that deny Rule 35 motions:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016).

While petitioner argues that the state of the circuit court's order precludes meaningful appellate review and a determination that the circuit court considered any of the facts or circumstances outlined in his motion, the court's order specifically provides that it "maturely consider[ed] said [m]otion" but found no basis for a reduction of his sentence. Moreover, petitioner's motion was filed only ten days after he was sentenced. At sentencing, the circuit court specifically denied petitioner's motion for probation or alternative sentencing, finding that "he is likely to again commit crime and that the public good does require that he be imprisoned." Accordingly, we find no abuse of discretion in the circuit court's denial of petitioner's Rule 35(b) motion.

We similarly find that the circuit court did not err in ruling on petitioner's motion without holding a hearing. We have previously upheld the propriety of ruling on Rule 35(b) motions without a hearing, and petitioner acknowledges that "a hearing is not necessarily guaranteed on all Rule 35 motions." *See State v. King*, 205 W.Va. 422, 425, 518 S.E.2d 663, 666 (1999)

(finding that the circuit court did not abuse its discretion by not holding a hearing on the appellant's Rule 35(b) motion). Accordingly, petitioner is not entitled to relief on this ground.

For the foregoing reasons, the circuit court's June 5, 2017, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

**ISSUED**:  May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

3