# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs.)   No. 17-0420 (Randolph County 14-F-9)

**Jared Michael Iseli,**
**Defendant Below, Petitioner**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jared Michael Iseli, by counsel Kevin D. Mills and Shawn R. McDermott, appeals the April 6, 2017, order of the Circuit Court of Randolph County denying his motion for reduction of sentence made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Respondent State of West Virginia, by counsel Robert L. Hogan, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court (1) abused its discretion in denying his motion for reduction of sentence without holding a hearing, and (2) violated his due process rights by failing to articulate sufficient findings of fact and conclusions of law regarding the denial.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, petitioner was indicted on two counts of first-degree sexual assault. Petitioner entered into a plea agreement in November of 2014 and pled guilty to one count of first-degree sexual assault. In exchange, the State dismissed the remaining count of first-degree sexual assault. A pre-sentence report was ordered prior to petitioner's sentencing and filed on January 15, 2015.

Petitioner moved to continue his sentencing hearing due to the untimely filing of the pre-sentence report. In February of 2015, petitioner filed several pages of corrections to the pre-sentence report. He also introduced a letter from a family counselor, a photograph of the victim to show that the victim appeared older than her age, testimony from petitioner's mother, and argument in support of alternative sentencing. Additionally, petitioner addressed the circuit court

1

in support of alternative sentencing. Petitioner was age twenty-one at the time of sentencing and asserted that he qualified for a youthful offender program. The State introduced testimony from the investigating officer, played petitioner's prior recorded statement, and argued in support of incarceration. Following the hearing, the circuit court ordered that petitioner undergo a sixty-day evaluation with the Division of Corrections focused on whether he was a sexual predator. This report was completed and disclosed in May of 2015. The report found that petitioner did not exhibit signs of pedophilia or sexual deviance and found that he had a low risk to reoffend.

In June of 2015, the circuit court held another sentencing hearing with a different judge presiding.[1] Petitioner introduced the testimony of a second evaluator and further testimony of petitioner's mother. The victim's father testified that petitioner created a negative impact on his daughter's life. Ultimately, the circuit court sentenced petitioner to a term of incarceration for not less than fifteen nor more than thirty-five years, with fifty years of supervised release, and lifetime sex offender registration. Petitioner appealed his sentence to this Court on the basis that the circuit court considered an improper sentencing factor, considered inaccurate information, failed to sentence him to a youthful offender program, and committed cumulative error. This Court affirmed the circuit court's ruling. *State v. Iseli*, No. 15-0884, 2016 WL 4987262 (W.Va. September 19, 2016) (memorandum decision).

Petitioner then filed a Rule 35(b) motion for reduction of sentence requesting placement in a youthful offender program. The motion alleged that petitioner was the proper age for the program, had good behavior during his incarceration, was taking college courses, and maintained employment in the institution. The motion further alleged some factors that may have had a negative effect on petitioner's case, such as the change of judges mid-sentencing, bias by the probation officer who prepared the pre-sentence report, an improper description of how petitioner's actions affected the victim, and inaccurate testimony by the victim's father. The State filed a response to petitioner's motion. Ultimately, the circuit court denied the motion for a reduction of sentence. In doing so, the circuit court found that there was no new or additional information contained in the file or in the motion for a reduction of sentence that would cause the circuit court to reconsider the sentence imposed. The circuit court further found that a lengthy sentencing hearing was held during which the underlying facts and circumstances were fully developed on the record. Petitioner now appeals the circuit court's April 6, 2017, order denying his Rule 35(b) motion for reduction of sentence.

In Syllabus Point 1 of *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996), we set forth the pertinent standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court

---

[1]According to petitioner, his sentencing began with a senior status judge presiding. A new judge was elected to the circuit and petitioner's case was then transferred to the new judge. However, the new judge determined a conflict existed and he could not preside over petitioner's case. A different senior status judge was then appointed, even though petitioner's first judge was still available and presiding over cases in that circuit.

concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

We also explained in *Head* that the denial of a motion under Rule 35 is generally "not reviewable" in a case in which no abuse of discretion occurs. *Id.* at 301, 480 S.E.2d at 510.

On appeal, petitioner contends that the circuit court abused its discretion in not holding a hearing on his motion for reduction of sentence. Petitioner argues that he presented new evidence regarding the potential bias of the probation officer, inaccurate testimony by the victim's father, and prejudice through a change in judges. We explained in *State v. King*, 205 W.Va. 422, 518 S.E.2d 663 (1999), that a hearing on the Rule 35 motion was unnecessary where "[t]he record establishes that the circuit court held lengthy hearings when the appellant pled guilty and when he was sentenced." *King*, 205 W.Va. at 425, 518 S.E.2d at 666; *see Head*, 198 W.Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring) ("A Rule 35(b) hearing is not, nor was it ever intended to be, a sentencing hearing."). Further, we have held that a "Rule 35(b) motion is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2, in part, *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016). Also, Rule 35 of the West Virginia Rules of Criminal Procedure provides that the motion may be made within 120 days after sentence is imposed or after the entry of a mandate by this Court and "circuit courts generally should consider only those events that occur within the 120-day filing period[.]" *Head*, 198 W.Va. at 299, 480 S.E.2d at 508, Syl. Pt. 5.

Petitioner's participation in certain services while incarcerated is the only new event petitioner has identified. The other issues petitioner raised in his motion below, such as testimony produced at sentencing and errors in the pre-sentence report, were events that occurred before the Rule 35(b) period began and are subject to direct appeal. Additionally, we note that the same judge who denied petitioner's Rule 35 motion also held petitioner's sentencing hearing. Therefore, we conclude that the circuit court did not abuse its discretion in opting not to hold a hearing on petitioner's motion for reduction of sentence.

Petitioner further contends that the circuit court violated his due process rights by failing to articulate sufficient findings of fact and conclusions of law in its denial of his Rule 35(b) motion. *See State v. Redman*, 213 W.Va. 175, 178, 578 S.E.2d 369, 372 (2003) (indicating trial court's ruling pursuant to Rule 35 must contain "requisite findings of fact and conclusions of law to permit meaningful appellate review") (internal quotations and citations omitted). We note that the standard of review adopted in *Head* is a continuation of "the deference we have traditionally accorded trial courts in matters of sentencing." *Head*, 198 W.Va. at 301, 480 S.E.2d at 510; *see* Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982) ("Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review."). As stated above, petitioner offered very little information relevant to events which occurred after sentencing. The circuit court reviewed "the motion for reduction of sentence, the State's response thereto, and the file in this case" and found that there was no new or

3

additional information that warranted reconsideration of petitioner's sentence. These findings are sufficient considering the lengthy sentencing hearings and information provided in petitioner's Rule 35(b) motion. Accordingly, we conclude that the circuit court's findings of fact and conclusions of law were sufficient and did not violate petitioner's due process rights.

For the foregoing reasons, we affirm the circuit court's April 6, 2017, order denying his Rule 35(b) motion for reduction of sentence.

Affirmed.

**ISSUED:**   May 14, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker