# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 18-0336** (Berkeley County 16-F-11)

**Ryan L. Henson,**
**Defendant Below, Petitioner**

**FILED**

**May 24, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ryan L. Henson, pro se, appeals the Circuit Court of Berkeley County's March 23, 2018, order denying his motion for a reduction of his sentence. Respondent State of West Virginia, by counsel Robert L. Hogan, filed a response and supplemental appendix. On appeal, petitioner asserts that the circuit court erred in denying his motion for a reduction of his sentence without making findings of fact and conclusions of law, citing to case law, holding a hearing, or appointing him counsel.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2016, petitioner and two codefendants were each convicted of one count of burglary, three counts of first-degree robbery, three counts of assault during the commission of a felony, and one count of conspiracy following their brutal beating of Robert Basore and his two sons during a home invasion. *State v. Henson*, 239 W. Va. 898, 903-04, 806 S.E.2d 822, 827-28 (2017). Petitioner and his codefendants also took certain of Mr. Basore's property from the home.

---

[1]In petitioner's brief, he lists only two assignments of error. Petitioner claims, first, that the circuit court erred in denying his motion for a reduction of his sentence without making findings of fact or conclusions of law. Second, he claims that the circuit court erred in denying his motion for a reduction of his sentence without reviewing a contemporaneously filed "Motion for Stay and Abeyance for Rule 35(b) Reduction of Sentence Motion." Petitioner, however, offers no argument related to his second assignment of error, and his first assignment of error raises several distinct issues. Accordingly, his assignments of error have been rephrased to identify the issues actually raised.

1

*Id.* at 904, 806 S.E.2d at 828. The circuit court sentenced petitioner to one to fifteen years of incarceration for burglary, eighty years for each of the three first-degree robbery convictions, two to ten years for each assault during the commission of a felony conviction, and one to five years for conspiracy. *Id.* at 903 n.2, 806 S.E.2d at 827 n.2. The first-degree robbery sentences were ordered to run concurrently with one another, but the other sentences were ordered to run consecutively to each other and the first-degree robbery sentences. *Id.*

Petitioner appealed to this Court and, on November 2, 2017, we reversed the circuit court's sentencing order with respect to two of the three first-degree robbery convictions. *Id.* at 903, 806 S.E.2d at 827. We found that these two convictions violated double jeopardy principles because "in order for multiple punishments to be imposed for multiple counts of robbery, the State must show that the property taken belongs to different victims." *Id.* at 908, 806 S.E.2d at 832. The evidence at trial established that only Mr. Basore's property was taken; accordingly, we remanded the case to the circuit court for entry of a new sentencing order. *Id.* at 908, 913, 806 S.E.2d at 832, 837.

The circuit court entered a corrected sentencing order on February 1, 2018. Petitioner was sentenced to eighty years of incarceration for a single first-degree robbery conviction, and his sentences for the burglary, assault during the commission of a felony, and conspiracy convictions were again ordered to run consecutively to each other and to the robbery sentence. On March 1, 2018, petitioner filed a motion to reduce his sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. In support of his motion, petitioner expressed remorse, acknowledged his drug addiction, proposed a plan "to ensure that he does not relapse," and argued that his sentence was disproportionate to his crime. Petitioner also filed a "Motion for Stay and Abeyance for Rule 35(b) Reduction of Sentence Motion," in which he sought a stay of his Rule 35(b) motion because he "has not had sufficient time to show himself estimable to the [c]ourt for a reconsideration of the sentence imposed" and "desire[d] to continue his sedulous efforts toward rehabilitation."

By order entered on March 23, 2018, the circuit court denied petitioner's Rule 35(b) motion for the "reasons stated by the [c]ourt at the time of sentencing," due to his "substantial risk" of recidivating, because reduction of his sentence would "unduly depreciate the seriousness of" petitioner's crime, and because he "is in need of correctional treatment that can be provided most effectively by his commitment to a correctional institution." It is from this order that petitioner appeals.

We have previously established that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

2

On appeal, petitioner argues that the circuit court erred in failing to include findings of fact and conclusions of law in its March 23, 2018, order. He claims that the order lacks sufficient detail to indicate that the circuit court gave "due consideration" to his motion or considered his change in circumstances during the two years since his initial sentence was imposed, such as his "record of rehabilitation" and "accomplishments." Petitioner also takes issue with the absence of any citation to case law, and he highlights that he was not afforded a hearing. Finally, petitioner claims that the circuit court erred in failing to appoint counsel to "perfect" his Rule 35(b) motion.

We find no merit to petitioner's arguments. As set forth above, the circuit court's order identified several reasons for denying petitioner's Rule 35(b) motion, and it also incorporated by reference findings made at sentencing. In pronouncing petitioner's sentence, the circuit court noted his high risk of recidivating; his lengthy criminal history, with his "level of violence . . . escalat[ing] dramatically" since his release from prior incarceration; the fact that prior incarceration had no deterrent effect; and the "horrific and grisly" crime scene. Moreover, the circuit court's order stated that it "maturely consider[ed]" petitioner's motion, thus evidencing that the "accomplishments" and progress he claims to have made were considered. Simply, there was no shortage of findings and conclusions in the circuit court's order. Further, petitioner cites to no law requiring that an order on a Rule 35(b) motion contain citations to case law, and we have also found no abuse of discretion when a circuit court rules on a Rule 35(b) motion without holding a hearing. *State v. King*, 205 W. Va. 422, 425, 518 S.E.2d 663, 666 (1999).

With respect to petitioner's assertion that counsel should have been appointed to "perfect" his Rule 35(b) motion, we note that petitioner acknowledges that counsel, in fact, filed a Rule 35(b) motion on his behalf. Although he takes issue with the substance of the filing—claiming it "was a perfunctory document with little to no supporting information"—we find no merit to the claim that counsel should have been appointed given his assertions that counsel filed a Rule 35(b) motion on his behalf. Accordingly, we find no abuse of discretion in the circuit court's denial of petitioner's Rule 35(b) motion.[2]

For the foregoing reasons, we affirm the circuit court's March 23, 2018, order denying petitioner's Rule 35(b) motion.

Affirmed.

---

[2]Although petitioner offers no argument in support of his claim that the circuit court should not have denied his Rule 35(b) motion without reviewing his motion for a stay, we nonetheless note that "[w]hen considering West Virginia Rules of Criminal Procedure 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period." Syl. Pt. 5, in part, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996). In essence, petitioner's motion for a stay sought additional time for him to complete certain rehabilitative efforts. Because circuit courts generally consider only those events that took place within the 120-day window, we find no error in the circuit court's refusal to stay consideration of petitioner's Rule 35(b) motion.

3

**ISSUED:**  May 24, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison