**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0551** (Taylor County 16-F-52)

**Robert Anthony Chester,**
**Defendant Below, Petitioner**

**FILED**

**September 3, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Anthony Chester, a self-represented litigant, appeals the Circuit Court of Taylor County's May 17, 2019, order denying his motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. The State of West Virginia, by counsel Karen C. Villanueva-Matkovich, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him the opportunity to be heard, failing to consider the accompanying motion to stay and/or hold the matter in abeyance, and failing to make adequate findings of fact and conclusions of law.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, the grand jury indicted petitioner on one count of burglary, one count of grand larceny, two counts of first-degree robbery, two counts of wanton endangerment with a firearm, one count of a person prohibited from possessing a firearm, two counts of malicious assault, and one count of conspiracy to commit a felony. These charges stemmed from events occurring on August 21, 2016, during which petitioner and a codefendant entered their victims' home and robbed them at gunpoint. Prior to trial, the State dismissed several counts of the indictment. In October of 2017, petitioner was convicted by a jury of two counts of first-degree robbery, one count of burglary, and one count of conspiracy to commit a felony. Ultimately, at the second sentencing hearing, held in December of 2017, the circuit court sentenced petitioner to an effective term of 182 to 200 years of incarceration for those convictions. Petitioner appealed the sentencing order, and this Court affirmed the circuit court's ruling. *See State v. Chester*, No. 18-0140, 2019 WL 1224684 (W. Va. Mar. 15, 2019) (memorandum decision), *cert. denied sub nom. Chester v. W. Virginia*, 140 S. Ct. 239 (2019).

1

In May of 2019, petitioner filed a motion to reduce sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Concurrently, petitioner filed a "Motion for Stay and Abeyance for Rule 35(b) Reduction of Sentence Motion." Ultimately, the circuit court summarily denied the Rule 35(b) motion by order entered on May 17, 2019, and found that 1) no pertinent issues were raised that were not considered at the time of sentencing, 2) there had been no changes in petitioner's circumstances warranting a reduction or reconsideration that would have required a hearing, and 3) petitioner was not a "fit candidate for reduction of sentence." It is from the May 17, 2019, order that petitioner now appeals.

In Syllabus Point 1 of *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996), we set forth the pertinent standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

We explained in *Head* that the denial of a motion under Rule 35 is generally "not reviewable" in a case in which no abuse of discretion occurs. *Id.* at 301, 480 S.E.2d at 510.

First, we address the contents of the circuit court's final order to determine if it set forth sufficient findings for meaningful appellate review. *See State v. Allman*, 234 W. Va. 435, 438, 765 S.E.2d 591, 594 (2014) (holding that a circuit court "speaks through its written orders, which, 'as a rule, must contain the requisite findings of fact and conclusions of law to permit meaningful appellate review.'"). When considering a Rule 35(b) motion to reduce sentence, a circuit court must review only those events and circumstances occurring between the defendant's sentencing and the deadline for a timely filing. *Head* at 298, 480 S.E.2d 707, syl. pt. 5. Here, the circuit court clearly explained that no pertinent issues were raised that were not previously considered at the time of sentencing, which occurred in two separate hearings over a span of several months. Further, the circuit court found that there had been no changes in circumstances warranting a reduction or reconsideration that required a hearing. Notably, due to petitioner's appeal, he was able to utilize the maximum time allotted for filing his timely motion to reduce sentence, giving him an "intervening three years [of incarceration] since [his] sentence was imposed" to change his circumstances.[1] Lastly, the circuit court found that petitioner was not a

---

[1]Petitioner makes a public policy argument that, due to overcrowding, he spent most of his time incarcerated in a jail rather than a prison, and, thus, lacked adequate rehabilitation programs. However, this issue has no bearing upon whether the circuit court abused its discretion when denying petitioner's motion to reduce sentence. As this argument is not properly before the Court, we will not consider it.

"fit candidate for reduction of sentence," finding petitioner's unsupported arguments contained in his motion to reduce sentence, which speculated about his ability to undertake future improvement unpersuasive. Clearly, the circuit court set forth adequate findings for meaningful appellate review when denying petitioner's motion to reduce sentence. Therefore, we find no error.

Petitioner's remaining assignments of error are based upon alleged procedural errors. He contends that the circuit court erred in not holding a hearing on his Rule 35(b) motion, not appointing him counsel, and denying his request to hold the motion in abeyance to allow him additional time to improve himself in prison. Regarding the holding of a hearing, in *State v. King*, 205 W. Va. 422, 518 S.E.2d 663 (1999), we rejected the argument that the circuit court erred in not holding a hearing on a Rule 35(b) motion.[2] In that case, we explained that a hearing on the motion was unnecessary where the record established that "the circuit court held lengthy hearings when the appellant pled guilty and when he was sentenced." *King*, 205 W. Va. at 425, 518 S.E.2d at 666; *see also Head*, 198 W. Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring) ("A Rule 35(b) hearing is not, nor was it ever intended to be, a sentencing hearing."). Here, the circuit court held at least two sentencing hearings wherein evidence was presented for the circuit court's determination. Similarly, petitioner's cited authorities for his argument for appointment of counsel are misplaced, as Rule 32 of the West Virginia Rules of Criminal Procedure concerns the right of counsel *at sentencing*—not after sentencing, as is the case here.

Finally, we find no error in the circuit court ruling on petitioner's Rule 35(b) motion without waiting to see if petitioner makes progress in prison.[3] As petitioner admits, Rule 35(b) requires that the circuit court rule on the motion within "a reasonable time." *See also Head*, 198 W. Va. at 303, 480 S.E.2d at 512 (noting that Rule 35(b) imposes such requirement). Petitioner cites Rule 45(b) of the West Virginia Rules of Criminal Procedure to support his argument that the circuit court must hold a motion to reduce sentence in abeyance. However, this rule does not contemplate such a stay and only contemplates the enlargement of time for an act, such as the filing of a motion, which is not at issue here.[4] Indeed, petitioner admits in his brief that he "was

---

[2]Petitioner cites Syllabus Point One of *State ex rel. State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017), which provides, that "[w]hen a defendant files a motion to correct a sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure, the prosecuting attorney is entitled to reasonable notice and an opportunity to be heard on the motion" and requests the Court to expand this holding to require hearings and appointment of counsel for defendants for such motions. We decline to expand this holding in such a way and further note that petitioner filed a Rule 35(b) motion to reduce sentence, not a Rule 35(a) motion to correct an illegal sentence.

[3]Although the circuit court did not explicitly deny petitioner's accompanying motion for stay and/or abeyance, the circuit court's order denying petitioner's motion to reduce sentence rendered his motion for stay moot, and thus, the circuit court did not need to address it.

[4]Rule 45(b) of the West Virginia Rules of Criminal Procedure provides as follows:

(continued . . .)

3

not asking the [c]ircuit [c]ourt to enlarge the time for filing, but was simply asking the [c]ourt for more time to rehabilitate himself before the [c]ourt ruled on the Motion for Reduction of Sentence." Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's request for a hearing, request for counsel, and request to hold his Rule 35(b) motion in abeyance.

For the foregoing reasons, the circuit court's May 17, 2019, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

**ISSUED**:  September 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

**(b) Enlargement.** When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion:

(1) With or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or

(2) Upon motion made after the expiration of the specified period, permit the act to be done if the failure to act was the result of excusable neglect; but the court may not extend the time for taking any action under Rules 29, 33, 34 and 35, except to the extent and under the conditions stated in them.