**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0209** (Brooke County 17-F-40)

**Daryl S.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Daryl S., by counsel Justin M. Hershberger, appeals the Circuit Court of Brooke County's February 7 2020, order denying his motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] The State of West Virginia, by counsel Andrea Nease Proper, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him the opportunity to be heard on his motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2017, the grand jury indicted petitioner on one count of first-degree sexual assault, fifteen counts of sexual abuse by a custodian, and seven counts of first-degree sexual abuse. These charges stemmed from petitioner's sexual misconduct with an underage girl, the daughter of petitioner's ex-girlfriend, between 2006 and 2012. The victim was just four years old when the misconduct began. The parties entered into a plea agreement in February of 2018, in which petitioner agreed to plead guilty to one count of first-degree sexual abuse, one count of first-degree sexual assault, and one count of sexual abuse by a custodian. In return, the State agreed (1) to dismiss the remaining twenty charges, (2) that petitioner would be sentenced to incarceration on only his first-degree sexual abuse conviction, and (3) that his remaining sentences would be

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

suspended following this term of imprisonment. Accordingly, the circuit court sentenced petitioner to an aggregate sentence of 40 to 145 years of incarceration for those convictions. However, as per the plea agreement, the circuit court ordered that petitioner serve his sentence for first-degree sexual abuse and, following that term of imprisonment, his remaining sentences would be suspended and he would be placed on probation and 150 years of supervised release.

In August of 2019, petitioner filed a motion to reduce sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. Although petitioner filed the motion outside of the statutory 120-day timeframe for the motion, the State agreed to waive its objection to the motion. The parties then jointly filed a proposed order regarding petitioner's motion to file out of time. However, the circuit court declined to endorse the agreed order without a hearing and, thereafter, provided notice of a hearing on petitioner's motion for leave to file out of time. At that hearing held the following month, the State reiterated that it did not object to the late filing of petitioner's Rule 35(b) motion. Thereafter, the circuit court proceeded to hear arguments on the Rule 35(b) motion even though the hearing was not set to address that motion. The parties discussed the terms of the plea agreement, the sentence, and the fact that petitioner had already served three years of his sentence. Petitioner's counsel also made arguments to the circuit court regarding petitioner's ill mother and the classes petitioner had completed while incarcerated. Petitioner's counsel proffered that if she had additional time to prepare and present the Rule 35(b) motion, she would have subpoenaed witnesses and offered certificates from the classes petitioner participated in while incarcerated. By order entered February 7, 2020, the circuit court found that, "based upon the number of counts in the indictment" and the "sentence that was imposed upon him," petitioner "already got a break" in sentencing. Therefore, the circuit court denied the Rule 35(b) motion and found that no pertinent issues were raised that were not considered at the time of sentencing, and that there had been no changes in petitioner's circumstances warranting a reduction or reconsideration of his sentence. It is from the February 7, 2020, order that petitioner now appeals.

In Syllabus Point 1 of *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996), we set forth the pertinent standard of review:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

We further explained in *Head* that the denial of a motion under Rule 35 is generally "not reviewable" in a case in which no abuse of discretion occurs. *Id.* at 301, 480 S.E.2d at 510.

On appeal, petitioner argues that the circuit court erred by ruling on his Rule 35 motion for reduction of sentence without providing notice. He contends that the circuit court noticed a hearing on his motion to file out of time but failed to provide notice that the hearing would also include arguments on his Rule 35(b) motion.

We first note that petitioner was not entitled to a hearing on his Rule 35(b) motion. In *State v. King*, 205 W. Va. 422, 518 S.E.2d 663 (1999), we rejected the argument that the circuit court must hold a hearing on a Rule 35(b) motion. In that case, we explained that a hearing on such a motion was unnecessary where the record established that "the circuit court held lengthy hearings when the appellant pled guilty and when he was sentenced." *King*, 205 W. Va. at 425, 518 S.E.2d at 666; *see also Head*, 198 W. Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring) ("A Rule 35(b) hearing is not, nor was it ever intended to be, a sentencing hearing.").

Here, however, the circuit court opted to hold a hearing on petitioner's Rule 35(b) motion. After the State agreed to waive its objection to petitioner's motion to file out of time, petitioner and his counsel presented various arguments as to why the circuit court should have granted his Rule 35(b) motion to reduce his sentence. While petitioner argues that he should have been provided additional time to gather evidence and subpoena witnesses in support of his written motion, much of the evidence he orally presented had already been considered by the circuit court. For instance, petitioner argues on appeal that, with additional notice, he would have presented certificates and witnesses discussing classes he completed while incarcerated. However, petitioner informed the circuit court about these classes during the hearing. Additionally, although petitioner would have preferred further time to prepare for the hearing, Rule 35(b) requires that the circuit court rule on the motion within "a reasonable time." *See also Head*, 198 W. Va. at 303, 480 S.E.2d at 512 (noting that Rule 35(b) imposes such requirement).

Moreover, petitioner did not object to the hearing on the merits of petitioner's Rule 35(b) motion. The requirement that a party raise or waive an objection is designed "to prevent a party from obtaining an unfair advantage by failing to give the trial court an opportunity to rule on the objection and thereby correct potential error." *Wimer v. Hinkle*, 180 W. Va. 660, 663, 379 S.E.2d 383, 386 (1989). Due to petitioner's failure to object to the discussion of his Rule 35(b) motion, he has waived these arguments on appeal. That said, the circuit court considered petitioner's arguments absent the benefit of witness testimony or additional evidence. Accordingly, we find no abuse of discretion in the circuit court's denial of petitioner's Rule 35(b) motion.

For the foregoing reasons, the circuit court's February 7, 2020, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

**ISSUED**: April 20, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton